# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
## 3:12cv214

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| Vs. | ) DEFAULT and<br>) DEFAULT JUDGMENT |
| DAVID HAMILTON; and EMILE HAMILTON, | )<br>)<br>) |
| Defendants | )<br>) |

**THIS MATTER** is before the court on plaintiff's Motion for Entry of Default and Motion for Default Judgment.[1] Having considered the pleadings, the court enters the following findings, conclusion, and Order.

## FINDINGS AND CONCLUSIONS

1. In moving for entry of default and default judgment in this interpleader matter, plaintiff has shown that both potential beneficiaries have been properly served, that Emilie Hamilton has timely answered and that David Hamilton has not answered. Further, plaintiff has shown that David Hamilton has executed an affidavit, proper in form, waiving any interest in the *res* of this interpleader action as well as any interest in the estate of his deceased parents.

2. In an abundance of caution, the court earlier granted the Motion for Appointment of

---

[1] The court earlier addressed other aspects of those motions.

a Guardian *Ad Litem*, and appointed an experienced member of the Bar of this court, S. Frederick Winiker, III, to act as guardian *ad litem* for David Hamilton. In accordance with such Order, Mr. Winiker has met with Mr. Hamilton as well as his physicians and submitted a sealed report, which the court has reviewed *in camera*. In pertinent part, Mr. Winiker has determined that Mr Hamilton has sufficient mental capacity in this civil matter to make the assertions he made in his affidavit, and that Mr. Hamilton executed such affidavit knowingly and willfully. Mr. Winiker further states, as guardian, that he does not know of any reason why the relief requested should not be granted in favor of Emilie Hamilton.

3. Having considered the report of such defendant's guardian ad litem, the court finds the affidavit to be knowingly and willfully offered and made. Further, the intent of Mr. Hamilton is fully consistent with North Carolina law. Under the common law of North Carolina as well as federal common law, a slayer may not recover or benefit from a death he intentionally causes. Under North Carolina's *Slayer Statute,* defendant David Hamilton's alleged criminal acts would disqualify him from receiving benefits under the policy:

> **31A-4. Slayer barred from testate or intestate succession and other rights**. The slayer shall be deemed to have died immediately prior to the death of the decedent and the following rules shall apply: (1) The slayer shall not acquire any property or receive any benefit from the estate of the decedent by testate or intestate succession or by common law or statutory right as surviving spouse of the decedent.
>
> * * *

N.C.Gen.Stat. § 31A-4. Further, Emilie Hamilton appears to be the person to whom such proceeds which have been directed as a matter of law. N.C.Gen.Stat. § 31A-11.

4. It is undisputed that a North Carolina Grand Jury has found probable cause to

believe David Hamilton was culpable in the death of this insured.

5. While Mr. Hamilton has been adjudged at least temporarily unable to assist in his own *criminal* defense on a capital offense, the court has determined based on the information received from his guardian *ad litem* that he has sufficient mental capacity to waive his interests in insurance proceeds paid into this court. Hudnall v. Sellner, 800 F.2d 377, 385 (4th Cir.1986) ("there is of course no necessary relationship between 'mental incompetence' in this special sense and various forms of mental derangement or personality disorder that may cause utterly bizarre and destructive conduct in litigation as in other realms.")

6. Thus, the court concludes that at the time Mr. Hamilton executed the subject affidavit, he had sufficient mental capacity to understand the nature and effect of executing such affidavit in relation to this litigation. See WILLSTN-CN § 10:8; Sprinkle v. Wellborn, 140 N.C. 163, 181 (1905).

7. Finally, the court has considered the invoice of the guardian ad litem and, after careful review, has determined that such invoice reflects fees for professional services that have been charged at a rate well within the usual and customary rates among federal practitioners in the Mecklenburg County Bar for such work (of which this court is aware) . Further, such invoice reflects that the guardian has billed for a reasonable number of documented hours in relation to the complexity and importance of this matter.

Having considered plaintiff's motion and reviewed the pleadings, including the report of the guardian, the court enters the following Order.

## ORDER

**IT IS, THEREFORE, ORDERED** that

(1)     plaintiff's Motion for Default (#13) is **GRANTED,** and **DEFAULT** is entered against defendant David Hamilton; and

(2)     plaintiff's Motion for Default Judgment is **GRANTED,** as follows:

## JUDGMENT BY DEFAULT

**IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED** that

(1)     the fees of the guardian *ad litem*, **S. Frederick Winiker, III, Esq.,** are **APPROVED** , and the Clerk of Court is directed to  pay to **S. Frederick Winiker, III** the sum of  $4,013.65 from the interpleaded funds in complete satisfaction of his invoice for services rendered herein.  Mr. Winiker, having fulfilled his obligations, is discharged from such appointment;

(2)     the Clerk of Court is permitted, in his sound discretion, to deduct a fee for handling the funds at or equal to 10% of the income earned in the investment so held as authorized by the Judicial Conference of the United States and as set by the Director of the Administrative Office of the Courts;

(3)     **DEFAULT JUDGMENT** is entered in favor of **EMILIE HAMILTON** and against **DAVID HAMILTON**, providing that **EMILIE HAMILTON**  have and take the remainder of the interpleaded funds, and that **DAVID HAMILTON** have and take nothing;

(4) The Clerk of Court is directed, within a reasonable time, to disperse such remaining funds to **EMILIE HAMILTON** in consultation with her counsel Cynthia L. Van Horne as to the appropriate Payee(s); and

(5) this action is **DISMISSED.**

Signed: November 7, 2012

Max O. Cogburn Jr.
United States District Judge